UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-04374 DMG (PLAx)** | Date | September 21, 2010 |
|---|---|---|---|
| Title | *Cedell Turner Jr. v. Cumulus 99.7 KMJJ* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION**

On February 22, 2010, Plaintiff Cedell Turner Jr. filed a complaint in Los Angeles County Superior Court. Although the complaint caption named only Defendant Cumulus Broadcasting, LLC ("Cumulus"), erroneously sued as Cumulus 99.7 KMJJ, the complaint also contained allegations against Defendant Dave Rosas.[1] On June 14, 2010, Cumulus removed the action to this Court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441. After the Court granted Cumulus' motion to dismiss the complaint, Plaintiff filed a first amended complaint on August 9, 2010, alleging several causes of action for fraud.[2]

Plaintiff is a California citizen. (Notice of Removal ¶ 6.) Cumulus is a Nevada corporation with its principal place of business in Georgia. (*Id*. ¶ 7.) Cumulus is therefore a citizen of both Nevada and Georgia. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1185, __ L.Ed.2d __ (2010). As such, Cumulus is diverse from Plaintiff. Cumulus' Notice of Removal, however, does not state Dave Rosas' citizenship.

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Citizenship is determined as of the date the action was filed in state court. *See Digimarc*, 549 F.3d at 1236 ("[T]he jurisdiction of the court depends

---

[1] Although Plaintiff did not include Defendant Rosas' name in the caption of his state court complaint as is required in this Court, *see* C.D. Cal. L.R. 11-3.8(d), immediately below the caption Plaintiff lists both Cumulus and Dave Rosas as defendants against whom he "alleges causes of action." (Compl. at 1.) This Court must construe Plaintiff's *pro se* filings liberally. *See Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010); *see also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996) ("*[P]ro se* complaints are to be liberally construed, and courts may construe them as having named defendants who are mentioned only in the body of the complaint.").

[2] Neither the complaint nor the first amended complaint raise any questions of federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-04374 DMG (PLAx)** | Date | September 21, 2010 |
| Title | *Cedell Turner Jr. v. Cumulus 99.7 KMJJ* | Page | 2 of 2 |

upon the state of things at the time of the action brought." (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824))). The removing party has the burden of demonstrating diversity. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Cumulus does not provide any evidence that Dave Rosas' citizenship was outside California at the time Plaintiff filed his state court complaint. If Dave Rosas was in fact a citizen of California, then there is not complete diversity and removal was improper.

Accordingly, Cumulus is **ORDERED TO SHOW CAUSE** why this action should not be remanded for improper removal. Cumulus shall file its response by **October 5, 2010**. The hearing on the motion to dismiss Plaintiff's first amended complaint [Doc. #11], currently set for October 18, 2010 at 9:30 a.m., is taken off calendar and will be re-set if necessary.

**IT IS SO ORDERED.**